FILED
2021 Feb-17  PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **TERESA CRUZ MORALES, and** | ) |
| **JOSÉ R. CABELLO GONZÁLEZ** | ) |
| *Plaintiffs,* | ) |
| ***v.*** | ) CIVIL ACTION _____ |
| | ) |
| **BAMA TOMATO, INC., and** | ) |
| **CHRISTOPHER GRIFFIN,** *Owner* | ) |
| *Defendants.* | ) |

# COMPLAINT

Plaintiff, Teresa Cruz Morales, and plaintiff José R. Cabello González (jointly referred herein as "Plaintiffs"), on behalf of themselves and all others similarly situated, bring this cause of action to recover damages for the intentional willful conduct, and for the continuous willful practice of not paying them, and others similarly situated, the full earned wages, and overtime earned, against defendant Bama Tomato Inc., and against defendant Christopher Griffin, Owner and General Manager (jointly referred herein as "Defendants"), pursuant to 29 U.S.C. §216(b) of the Fair Labor Standard Act ("FLSA").

Plaintiffs hereby request FLSA remedies for unpaid wages, lost wages, liquidated damages, front pay, attorney's fees, interest, and punitive damages.

# LEGAL CAUSES OF ACTION

1.      If an employee has worked overtime without due pay, he is entitled to bring a private action under the FLSA of 1938, Pub. L. No. 75-718, 52 Stat. 1060

for damages, codified as 29 U.S.C. §216(b). In addition, the said employee is entitled to bring an action for wrongful termination after his termination following an oral complaint for violations of the FLSA, codified as 29 U.S.C. §215(a)(3).

2.     The Plaintiffs for themselves and others similarly situated, bring this cause of action against these Defendants for the willful and/or wanton practice of not paying earned wages, and overtime earned but not paid, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§207 (a)(1), *et seq*.

3.     The FLSA provides a federal cause of action for an employee claiming that his employer has failed to pay "one and one-half times the regular rate at which he is employed" for all hours beyond forty (40) worked in a workweek, 29 U.S.C. §§207(a)(2)(C), 216(b).

4.     The Plaintiffs are employed by these Defendants and hereby seek compensation for their damages and for any liquidated damages allowed by law. In addition, the Plaintiffs seek to produce a deterrent purpose under the FLSA, by disclosing patterns of non-compliance by employers, and deter such misconduct to other third parties who used to work for the Defendants during the last three years, and/or are presently working for the Defendants.

5.     Plaintiff seeks to recover from the Defendants, jointly and severally, the amount of his unpaid wages, unpaid overtime, compensatory, liquidated damages, prejudgment interest, and attorney's fees pursuant to the FLSA.

## JURISDICTION AND VENUE

**The original jurisdiction, and the supplemental jurisdiction of this Court comes under the following precepts:**

6.      This Court has original jurisdiction as there is a Federal issue involving violations of the FLSA of 1938.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1391 (b)(c).

8.      The Defendants resided in Jefferson county at the time the Plaintiffs commenced this action. The acts and omissions in this cause took place in Jefferson County, Alabama. Venue is proper in this Court, the Northern District of Alabama, pursuant to 28 U.S.C. §1391(b) and (c).

9.      This Court will have supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) for Alabama State law claims, if any, if such claims are "So related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

## **BIOGRAPHICAL DATA**

10.      Plaintiff, Teresa Cruz Morales, is a female adult residing in Alabama. She has been working for these Defendants for over 15 years prior to commencing her legal action against the said Defendants for claims under the FLSA.

11.      Plaintiff, José R. Cabello González, is a male adult residing in Alabama. He has been working for these Defendants for over 15 years prior to commencing this legal action against the Defendants for claims under the FLSA.

12.      The Defendants are employers engaged in commerce pursuant to the FLSA and 29 U.S.C. §203(s), and at all times material hereto, engaged in commerce within the meaning of the FLSA. Upon information and belief, defendant Bama Tomato, Inc. is an Alabama domestic corporation which does

business as such, and which principal place of business is located at 472 Finley Avenue West, Birmingham, AL 35204.

13.     Upon information and belief, defendant Christopher Griffin is the owner and general manager of Bama Tomato, Inc. during the bulk of Plaintiffs employment, and he do business and reside in Jefferson County, Alabama.

14.     Upon information and belief, these Defendants share common operations such as that they are an enterprise engaged in interstate commerce with an annual gross revenue of not less than $500,000, and its employees handle goods moved in interstate commerce.

15.     At all times relevant to this action, Defendants were the "employers" of the Plaintiffs, and others similarly situated, as defined by §203(d) of the FLSA.

16.     At all times material to this action, the Plaintiffs, and all others similarly situated, are and/or have been "employees" of these Defendants as defined by §203(e)(1) of the FLSA and they worked for the Defendants within the territory of the United States within three years preceding the filing of this law suit.

## STATEMENT OF FACTS

17.     Bama Tomato, Inc. is as a business entity open to the public for business six days per week, from Monday to Saturday, and its business hours are from 4:00AM to late evening and night hours, usually until 8:00 P.M., and in many occasions to 10:00 P.M.

18.     Defendants hired these Plaintiffs as laborers on or about year 2012 and they continue working for these Defendants.

19.     Plaintiffs' working hours from year 2018 to 2020 are as follows:

A. **For Plaintiff Teresa Cruz Morales:**

    i.    Worked from Monday to Friday, and Sunday = 6 days each week.

    ii.    Year 2018 - Plaintiff worked 75 hours per week at $8/hr, regular time. Not paid or overtime.

    iii.    Year 2019 - Plaintiff worked 75 hours per week at $8.50/hr, regular time. Not paid for any overtime.

    iv.    January and February 2020 - Plaintiff worked from January to February: 70 hours per week, at $9/hr, regular time. Not paid for overtime.

    v.    March and April 2020 - because the Covid-19, Plaintiff worked 50 hours per week at $9/hr, regular time. Not paid for overtime.

    vi.    May 2020 - 70 hours per week at $9/hr, regular time. Not paid for overtime.

    vii.    June 2020 - 73 hours per week at $9/hr, regular time. Not paid for overtime.

    viii.    July 2020 - 75 hours per week at $9/hr, regular time. Not paid for overtime.

    ix.    August 2020 - 75 hours per week at $9/hr, regular time. Not paid for overtime.

    x.    September 2020 - 70 hours per week at $9/hr, regular time. Not paid for overtime.

xi.   <u>October 2020</u> - 70 hours per week at $9/hr, regular time. Not paid for overtime.

xii.   <u>November 2020</u> - 60 hours per week at $9/hr, regular time. Not paid for overtime.

xiii.   <u>December 2020</u> - 55 hours per week at $9/hr, regular time. Not paid for overtime.

xiv.   <u>January 2021</u> - During January: 65 hours per week at $9/hr, regular time. Not paid for overtime.

===================================================

**B.**   <u>**For Plaintiff José R. Cabello González:**</u>

i.   Worked from Monday to Friday, and Sunday = 6 days each week.

ii.   <u>Year 2018</u> -  Plaintiff worked 6 days per week, 75 hours per week at $10.50/hr, regular time. Not paid for overtime.

iii.   <u>Year 2019</u> - Plaintiff worked 6 days per week, 75 hours per week at $11/hr, regular time. Not paid for overtime.

iv.   <u>Year 2020</u> - Plaintiff worked 6 days per week.

v.   <u>January to September 2020</u> - 75 hours per week at $11/hr, regular time. Not paid for overtime.

vi.   <u>October to December 2020</u> - 70 hours per week at $11/hr, regular time. Not paid overtime.

vii.   <u>Year 2021</u> - Plaintiff worked 6 days per week.

viii.  <u>January 2021</u> - 65 hours per week at $11/hr., regular
time. Not paid overtime.

=============================================

20.    The duties performed by Plaintiffs included packing vegetables,
loading, and unloading vegetable containers, fruits, and other merchandise,
attending the sales for the public in general, selecting and presenting vegetables to
be sold during the day, cleaning the offices at the Defendants place of business,
taking the garbage outside, and other labor tasks as may be requested by the
Defendants, its agents and assigns.

21.    The Plaintiffs and other similarly situated employees regularly worked
in excess of 40 hours per week.

22.    The Plaintiffs and other similarly situated employees did not receive
wages at the rate of time and one-half the typical hourly rate for the hours worked
in excess of the 40 regular hours in a given work week.

23.     The Plaintiffs were not entitled to and did not earn tips.  The Plaintiffs
were not exempted employees. The Plaintiffs were entitled to overtime.

24.    Plaintiffs are owed by the Defendants all the compensation for their
overtime hours, but Defendants have willfully failed to compensate them.

25.    Defendants are aware that the Plaintiffs and other similarly situated
employees routinely work in excess of the 40 regular hours per week.

26.    Defendants willfully and wantonly have violated the FLSA by failing
to compensate overtime hours in excess of 40 hours in a given work week at a rate
of one and one-half times the regular hourly rate of pay.

27.     As a result of Defendants' violations of the FLSA, the Plaintiffs, and other similarly situated employees both past and present, have suffered damages by failing to receive compensation at least equal to the federally mandated minimum wage in accordance with §206 of the FLSA and have further suffered damages by failing to receive compensation at the rate of time and one-half per hour for hours worked in excess of the 40 regular hours per week in accordance with §207(a) of the FLSA.

28.     The Plaintiffs, and other similarly situated employees have been damaged as a direct result of Defendants' willful actions and have suffered loss of wages.

29.     There are other similarly situated employees, both past and present, of these Defendants who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court supervised notice of the present lawsuit and the opportunity to join it as plaintiffs. Those similarly situated employees are known to Defendants and are readily identifiable and easy to locate through Defendants' records.

30.     The Plaintiffs were not paid any overtime wages for their work in excess of the forty regular hours of any work week, neither were Plaintiffs allowed to take any vacation or time off.

31.     Defendants refused to pay Plaintiffs and continue to refuse to pay them their correct wages for overtime accumulated.

32.     Furthermore, upon information and belief, Defendants have engaged in a pattern of similar conduct, luring other vulnerable minority individuals, and refusing to compensate them fully for work performed for Defendants.

## LEGAL CAUSES OF ACTION

**COUNT  I**          **OVERTIME VIOLATIONS: FAIR LABOR STANDARDS ACT, 29 U.S.C §201 *et seq.***

33.     Plaintiffs re-allege and incorporate by reference all preceding paragraphs.

34.     Upon information and belief, the Defendants at all relevant times owned and operated an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act of 1938, codified as, 29 U.S.C. §§201 *et seq.*

35.     At all times relevant to this action, the Defendants were Plaintiffs' employers within the meaning of 29 U.S.C. §203.

36.     At all times relevant to this action, Plaintiffs were employed by the Defendants within the meaning of 29 U.S.C. §203.

37.     Defendants willfully failed to pay Plaintiffs and others similarly situated, overtime compensation for each hour they worked in excess of forty hours in a workweek in violation of the FLSA, 29 U.S.C. §207.

38.     Defendants' violations of the FLSA, as described herein, were willful and intentional.

39.     The Plaintiffs are entitled to recover from the Defendants their unpaid overtime wages, and liquidated damages, reasonable attorney's fees, and the costs of the action, pursuant to 29 U.S.C. §216(b), in an amount to be determined at the trial of this cause.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of other similarly situated employees, respectfully request that this Court grant the following relief:

A.      That the Court issue proper process to compel Defendants to answer or otherwise plead to all the allegations contained in this Complaint.

B.      That, at the earliest possible time, the Plaintiffs be allowed to give notice or that the Court issue such notice, to all similarly situated employees employed by Defendant during the three (3) years immediately preceding the filing of this suit, informing that this action has been filed, the nature of the action, and of their right to join this lawsuit pursuant to 29 U.S.C. §216(b).

C.      That this Court awards the Plaintiffs, and other similarly situated employees and former employees of Defendants the amount of their unpaid overtime wages and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b).

D.      That Plaintiffs be awarded reasonable attorney's fees, costs and other expenses of this lawsuit pursuant to FLSA 29 U.S.C. §216(b), and any other and further relief as the Court deems necessary and proper.

Respectfully submitted,

*Treson gul morans*            and            *Jose Cabello*

**TERESA CRUZ MORALES**              **JOSÉ R. CABELLO GONZÁLEZ**

*One of the Plaintiffs*                               *One of the Plaintiffs*

For both Plaintiffs

State of Alabama
County of Jefferson
Subscribed and sworn to (or affirmed) before me this
_8th_ day of _February 2021_
By _____
Personally known _____ OR produced identification
Type identification produced _Identification card_

_____ Notary Public

RYAN MATTHEW SMITH
My Commission Expires
January 4, 2022

**OF COUNSEL**

/s/ Vicenta Bonet Smith
VICENTA BONET SMITH
Attorney for Plaintiffs

Of Counsel:
**BONET & SMITH, PC**
3499 Independence Drive
Birmingham, AL 35209
Telephone:   (205) 870-2222
Fax:          (205) 870-3333
*info@bonetsmith.com*

# S E R V I C E

Plaintiffs' Address:
c/o BONET & SMITH, PC
3499 Independence Drive
Birmingham, AL 35209

## Please serve Defendant as follows:

1.    **BAMA TOMATO, INC.**
      **472 Findley Avenue West**
      **Birmingham, AL 35204**

             **and**

2.    **CHRISTOPHER GRIFFIN**
      **Owner and General Manager of Bama Tomato, Inc.**
      **472 Findley Avenue West**
      **Birmingham, AL 35204**